UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| C. LEE DEMPSEY, | : | CASE NO: |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| TRUMP MARINA ASSOCIATES, LLC, a New Jersey limited liability company, d/b/a TRUMP MARINA CASINO HOTEL RESORT | : : : : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | : | |
| Defendants. | : | |

_____

Plaintiff, C. LEE DEMPSEY, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues TRUMP MARINA ASSOCIATES, LLC, a New Jersey limited liability company, d/b/a TRUMP MARINA CASINO HOTEL RESORT (hereinafter, collectively, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and N.J.S.A. 10:5-1 *et. seq.*, ("NEW JERSEY LAW AGAINST DISCRIMINATION" or "LAD") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New Jersey.

3. The remedies provided by the New Jersey Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the federal Civil Rights Act.

4. At the time of Plaintiff's visit to TRUMP MARINA CASINO HOTEL RESORT, prior to instituting the instant action, C. LEE DEMPSEY (hereinafter referred to as "Plaintiff") was a resident of the State of New Jersey, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities within Defendants' Property, which is the subject of this lawsuit.

5. The Defendant, TRUMP MARINA ASSOCIATES, LLC, a New Jersey limited liability company, d/b/a TRUMP MARINA CASINO HOTEL RESORT is authorized to conduct, and are conducting business within the State of New Jersey. Upon information and belief, TRUMP MARINA ASSOCIATES, LLC, is the owner and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the hotel and casino facility commonly referred to as Defendant's Property located at Huron Avenue, Atlantic City, New Jersey (hereinafter and heretofore referred to collectively as "Defendant's Property"), which also maintains and controls the Subject Facility.

6. All events giving rise to this lawsuit occurred in Atlantic County, State of New Jersey. Venue is proper in this Court as the premises is located in the State of New Jersey

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the

       opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, is a place of public accommodation in that it is a hotel and casino facility which provides entertainment, food, beverages and other services to the public.

11.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12.    The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13.    Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and

full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  Prior to the filing of this lawsuit, the Plaintiff visited Defendants' Property and was denied full and safe access to all the benefits, accommodations and services of the Defendants.  Prior to the filing of this lawsuit, DEMPSEY personally visited Defendants' Property, with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of Defendants' Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit Defendants' Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendants' Property, all in violation of the ADA.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 <u>et. seq.</u>, the ADA and 28 C.F.R. §36.302 <u>et. seq.</u>, and is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

### CASINO

i. The main cashier counter, located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

ii. The cash advance check cashing windows, located in the Subject Facility, are higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2.

iii. The "Total Rewards" counter, located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

iv. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R Part 36, Section 4.30.4.

v. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

vi. The "Big Six" wagering counter, located in the Subject Facility, is inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

vii. The "Three Card Poker" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

viii. The "Four Card Poker" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

ix. The "Texas Hold-'Em" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

x. The "Let-it-Ride" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

xi. The "Spanish 21" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

xii. The "Caribbean Stud Poker" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

xiii. The "Black-Jack" tables in the High Limit Area, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

xiv. The slot machines and video poker machines located in the Diamond Cove High Limit Area in the Subject Facility, are inaccessible due to fixed seating in front of each machine.

xv. The slot machines, rapid roulette and video poker games, located in the Subject Facility, are inaccessible due to fixed seating in front of each machine.

xvi. The Quik Cash, ATM, Cash Center and Cash and Comp/Information machines and their respective card slots located in the Subject Facility, are at an inaccessible height.

xvii. The host stands located in the Subject Facility, are at an inaccessible height.

xviii. The cash registers located at the bars/counters in the Subject Facility are at inaccessible heights, in violation of 28 C.F.R. Part 36.

xix. Failure to provide the required ADA compliant informational signage at the emergency exits located in the Subject Facility, in violation of 28 C.F.R. Part 36.

**ASIAN GAMING ROOM**

xx. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxi. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxii. The table games located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

### CLUB CAPPUCINO_ RESTAURANT

xxiii. The bar/counter around the pole and condiments/utensils area located in the Subject Facility, are higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxiv. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxv. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

### EDEN LOUNGE AND SAPPHIRE BAR

xxvi. The main interior bar/serving counter located in the Subject Facility, is higher than 34 inches above the finish floor, in violation

        of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxvii. The main interior bar/serving counter located in the Subject Facility, is inaccessible due to fixed foot stands attached to the base of same.

xxviii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxix. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

### STEAKHOUSE_ RESTAURANT

xxx. The main interior bar/serving counter located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxxi. The Bluepointe Raw Bar located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxxii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxxiii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxxiv. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

xxxv. The hostess stand in the Subject Facility is at an inaccessible height.

### THE DELI  RESTAURANT

xxxvi. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxxvii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxxviii. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

xxxix. The self-service soft drink and condiment/napkin dispensing counter in the Subject Facility is at an inaccessible height.

### WATERFRONT BUFFET RESTAURANT

xl. The dessert buffet serving counter located in the Subject Facility, is inaccessible due to high display shelving.

xli. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xlii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xliii. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

### REFLECTIONS_ RESTAURANT

xliv. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xlv. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xlvi. The cash registers in the Subject Facility are at an inaccessible height.

### POOL BAR

xlvii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xlviii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xlix. The tables in the Subject Facility are all at an inaccessible height.

### "XHIBITION" BAR

l. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

li. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

lii. The tables in the Subject Facility are all at an inaccessible height.

### GUEST RECEPTION AREA

liii. The bell captain counter located in the Subject Facility, is inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

liv. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

lv. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

**RESTROOMS**

lvi. Failure to provide the required informational signage on the restroom entrance doors at some or all of the restrooms, as required by 28 C.F.R. Part 36, Section 4.30.

lvii. Failure to completely and properly insulated exposed drain pipes under lavatories to prevent burns as required by 28 C.F.R. Part 36, Section 4.19.

lviii. Failure to provide adequate signage for the restroom handicap stalls in some or all of the restrooms in accordance with 28 C.F.R. Part 36, Section 4.1.2(7)(d).

lix. Failure to provide the required underside clearance of at least 28 inches above the finished floor to the bottom of the apron under lavatories for accessibility in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

lx. Failure to provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2.

lxi. Failure to provide an accessible soap dispenser in some or all of the restrooms as required by 28 C.F.R. Part 36.

lxii. Failure to provide an accessible paper toilet seat cover dispenser in some or all of the restrooms as required by 28 C.F.R. Part 36.

    lxiii. Failure to provide an accessible paper towel dispenser in some or all of the restrooms as required by 28 C.F.R. Part 36.

    lxiv. Failure to provide an accessible tissue paper dispenser in some or all of the restrooms as required by 28 C.F.R. Part 36.

    lxv. Failure to provide an accessible coat hook in some or all of the restrooms as required by 28 C.F.R. Part 36.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent

required by the ADA, and closing the subject facilities until the requisite modifications are completed.

### COUNT II- VIOLATION OF THE
### NEW JERSEY LAW AGAINST DISCRIMINATION

22. Plaintiff repeats the allegations contained in paragraphs 1-21 as if they were expressly stated herein.

23. The New Jersey LAD provides that: "[i]t shall be ... an unlawful discrimination ... [f]or any owner, proprietor, superintendent, agent, or employee of any place of public accommodation, directly or indirectly, to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof or to discriminate against any person in the furnishing thereof...."

24. The New Jersey LAD further provides that: "All of the provisions of the act to which this act is a supplement shall be construed to prohibit any unlawful discrimination against any person because such person is or has been at any time handicapped…."

25. The New Jersey LAD further provides that: "A place of public accommodation' shall include, but not be limited to: any tavern or services of any kind; any restaurant, eating house, or place where food is sold for consumption of the premises; ... other place of amusement....".

26. Defendants' Property is a place of public accommodation as defined in the LAD.

27. The New Jersey LAD further provides that: "All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute."

28. The New Jersey LAD further provides that anyone who violates the LAD is liable for penalties no to exceed $10,000, in addition to any other relief or affirmative action provided by law.

29. Plaintiff visited Defendants' Property, but was unable to equally access the goods, services, and accommodations therein due to the architectural barriers set forth above in this Complaint.

30. Plaintiff continues to desire to visit Defendants' Property again, but continues to experience serious difficulty due to the barriers set forth herein which, upon information and belief, still exist.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described hereinabove, Defendants have directly and/or indirectly refused, withheld from, and denied to Plaintiff the full and equal enjoyment of their place of accommodation because of his disability.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA and of the New Jersey LAD;

B.        The Court enter an Order requiring the Defendants to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by the New Jersey LAD;

C.        The Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D.        The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.        The Court award such other and further relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 24th day of October, 2008.

           Respectfully submitted,

By: _____*Robert J. Mirel*_____
    Robert J. Mirel, Esq.
    NJ Attorney ID #000322001
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    777 Kent Avenue, Suite 247
    Brooklyn, New York 11205
    Telephone:   (718) 887-9484
    Facsimile:    (718) 865-0909