UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| C. LEE DEMPSEY, | : | CASE NO: 08-05241-CIV-JHR |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| TRUMP MARINA ASSOCIATES, LLC, a | : | |
| New Jersey limited liability company, d/b/a | : | |
| TRUMP MARINA CASINO HOTEL | : | **AMENDED COMPLAINT AND** |
| RESORT, | : | **DEMAND FOR  JURY TRIAL** |
| Defendant. | : | |

_____

Plaintiff, C. LEE DEMPSEY, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Amended Complaint and sues TRUMP MARINA ASSOCIATES, LLC, a New Jersey limited liability company, d/b/a TRUMP MARINA CASINO HOTEL AND (hereinafter, collectively, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and N.J.S.A. 10:5-1 *et. seq*., ("NEW JERSEY LAW AGAINST DISCRIMINATION" or "LAD") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New Jersey.

3. The remedies provided by the New Jersey Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the federal Civil Rights Act.

4. At the time of Plaintiff's visit to TRUMP MARINA CASINO HOTEL RESORT in 2008, prior to instituting the instant action, C. LEE DEMPSEY (hereinafter referred to as "Plaintiff") was a resident of the State of New Jersey, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited Defendant's Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities within Defendant's Property, which is the subject of this lawsuit.

5. The Defendant, TRUMP MARINA ASSOCIATES, LLC, a New Jersey limited liability company, d/b/a TRUMP MARINA CASINO HOTEL RESORT, is authorized to conduct, and are conducting business within the State of New Jersey. Upon information and belief, TRUMP MARINA ASSOCIATES, LLC, is the owner and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the hotel and casino facility commonly referred to as TRUMP MARINA CASINO HOTEL RESORT, located at 1000 Boardwalk, Atlantic City, New Jersey (hereinafter and heretofore referred to collectively as "Defendant's Property"), which also maintains and controls the Subject Facility.

6. All events giving rise to this lawsuit occurred in Atlantic County, State of New Jersey. Venue is proper in this Court as the premises is located in the State of New Jersey

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the

3

>opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

>(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
>(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
>(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendant's Property, is a place of public accommodation in that it is a hotel and casino facility which provides entertainment, food, beverages and other services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and

full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.    The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's Property.  In 2008, prior to the filing of this lawsuit, the Plaintiff visited Defendant's Property and was denied full and safe access to all the benefits, accommodations and services of the Defendant.  Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's Property, with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of Defendant's Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit Defendant's Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendant's Property, all in violation of the ADA.

15.    Plaintiff and his wife are long-time residents of New Jersey and both are disabled and retired, Plaintiff having retired in January, 2008.  Plaintiff's residence is approximately a one and ½ hour drive to Atlantic City and the Subject Property. Plaintiff's wife is a disabled Navy veteran and an active member and former officer of the New Jersey chapter of the Disabled American Veterans and regularly attends meetings and seminars for volunteers of disabled-persons organizations held at various hotels in Atlantic City, always accompanied by Plaintiff. During these visits Plaintiff avails himself of the goods and services of the hotels and casinos in Atlantic City

including the Subject Property. Furthermore, Plaintiff enjoys travelling to Atlantic City and visiting its hotels and casinos, including the Subject Property, for many purposes, including gambling. Plaintiff and his wife intend, now that Plaintiff is retired, to travel to Atlantic City several times in 2009 to avail himself of the goods and services at the Subject Property and will continue to do so in future years (particularly once the existing ADA violations are corrected). Plaintiff is, in fact, presently scheduled to attend a seminar with his wife in Atlantic City for several days in March, 2009 and will visit the Subject Property during that visit.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

17. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

### CASINO

    i. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R Part 36, Section 4.30.4.

ii. The "Three Card Poker" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

iii. The "Four Card Poker" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

iv. The "Craps" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

v. The "Texas Hold-'em" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

vi. The "Let-it-Ride" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

vii. The "Spanish 21" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

viii. The "Black Jack" tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

ix. The "Pai Gow" poker and tile tables, located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

    x. The slot machines, 50 Line slot machines, Monopoly area slot machines and video poker games, located in the Subject Facility, are inaccessible due to fixed seating in front of each machine and inaccessibly high card slots.

    xi. The "Quik Cash" machines, Ticket Redemption-Bill Breaker machines, Convenience Center kiosks and automatic teller machines located in the Subject Facility, are at inaccessible heights.

    xii. The "Video Roulette" machines located in the Subject Facility are at an inaccessible height.

    xiii. The host stands located in the Subject Facility are at an inaccessible height.

    xiv. Failure to provide the required ADA compliant informational signage at the emergency exits located in the Subject Facility, in violation of 28 C.F.R. Part 36.

    xv. The house and pay phones located in the Subject Facility are at inaccessible heights.

    xvi. The security counter located in the Subject Facility is at an inaccessible height.

    xvii. Water fountains located in the Subject Facility are at inaccessible heights and are incorrectly labeled as accessible.

**BAYSIDE BUFFET RESTAURANT**

xviii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xix. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

xx. Failure to provide at least thirty-six inches of clearance between tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

**HARBORVIEW RESTAURANT**

xxi. The hostess stand in the Subject Facility is at an inaccessible height.

xxii. The bar/serving counter located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxiii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxiv. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxv. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

xxvi. All tables in the waiting area are inaccessibly low.

### DJ'S STEAKHOUSE RESTAURANT

xxvii. The hostess stand in the Subject Facility is at an inaccessible height.

xxviii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxix. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxx. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

### CHAIRMAN'S CLUB

xxxi. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxxii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxxiii. Failure to provide the required ADA compliant informational signage at the emergency exits located in the Subject Facility, in violation of 28 C.F.R. Part 36.

xxxiv. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

xxxv. The hostess stand in the Subject Facility is at an inaccessible height.

### WAVE NIGHTCLUB BAR

xxxvi. The main and side bars/serving counters located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xxxvii. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

xxxviii. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

xxxix. Failure to provide accessible fixed tables equal to, or exceeding, at least five percent of the restaurant's fixed tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.1.

### FOUNTAIN BAR

xl. The bar/serving counter located in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches, and said bar has a fixed foot rail.

### GUEST RECEPTION AREA AND GIFT SHOP

xli. The bellman and inside valet counters located in the Subject Facility, are inaccessible as to height in violation of the requirements of 28 C.F.R. Part 36.

xlii. The sales counter located in the gift shop in the Subject Facility, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches.

xliii. Merchandise shelves and clothes racks in the gift shop in the Subject Facility are at an inaccessible height.

**RESTROOMS**

xliv. Failure to provide the required informational signage on the restroom entrance doors at some or all of the restrooms, as required by 28 C.F.R. Part 36, Section 4.30.

xlv. Failure to completely and properly insulated exposed drain pipes under lavatories to prevent burns in some or all of the restrooms as required by 28 C.F.R. Part 36, Section 4.19.

xlvi. Failure to provide adequate signage for the restroom handicap stalls in some or all of the restrooms in accordance with 28 C.F.R. Part 36, Section 4.1.2(7)(d).

17. Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only once a full inspection is done can all said violations be identified.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

### COUNT II- VIOLATION OF THE
### NEW JERSEY LAW AGAINST DISCRIMINATION

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21 as if they were expressly stated herein.

23. The New Jersey LAD provides that: "[i]t shall be ... an unlawful discrimination ... [f]or any owner, proprietor, superintendent, agent, or employee of any place of public accommodation, directly or indirectly, to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof or to discriminate against any person in the furnishing thereof...."

24. The New Jersey LAD further provides that: "All of the provisions of the act to which this act is a supplement shall be construed to prohibit any unlawful discrimination against any person because such person is or has been at any time handicapped…."

25. The New Jersey LAD further provides that: "A place of public accommodation' shall include, but not be limited to: any tavern or services of any kind; any restaurant, eating house, or place where food is sold for consumption of the premises; ... other place of amusement....".

26. Defendant's Property is a place of public accommodation as defined in the LAD.

27. The New Jersey LAD further provides that: "All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute."

28. The New Jersey LAD further provides that anyone who violates the LAD is liable for penalties no to exceed $10,000, in addition to any other relief or affirmative action provided by law.

29. Plaintiff visited Defendant's Property, but was unable to equally access the goods, services, and accommodations therein due to the architectural barriers set forth above in this Complaint.

30. Plaintiff continues to desire to visit Defendant's Property again, but continues to experience serious difficulty due to the barriers set forth herein which, upon information and belief, still exist.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described hereinabove, Defendants have directly and/or indirectly refused, withheld from, and denied to Plaintiff the full and equal enjoyment of their place of accommodation because of his disability.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA and of the New Jersey LAD;

B. The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by the New Jersey LAD;

C. The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 10th day of February, 2009.

        Respectfully submitted,

By: ____*Robert J. Mirel*_____
    Robert J. Mirel, Esq.
    NJ Attorney ID #000322001
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    777 Kent Avenue, Suite 247
    Brooklyn, New York 11205
    Telephone:  (718) 887-9484
    Facsimile:   (718) 865-0909